UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE BETLEM #424518,

    Petitioner,

v.                                                         Case No. 1:17-CV-542

SHIRLEE HARRY,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING BETLEM'S HABEAS PETITION

The matter before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ellen Carmody, who issued a Report and Recommendation (R & R), recommending that the Court deny Betlem's petition and deny a certificate of appealability. (ECF No. 15.) Betlem timely filed objections to the R & R. (ECF No. 18.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Betlem's habeas petition should be denied. The Court will address each of Betlem's objections in turn.

1

## Consecutive Sentencing

Betlem first argues that because none of the sentencing offenses arose from the same transaction, the sentences should be amended to run concurrently rather than consecutively. Betlem already prevailed on this claim in his appeal as of right to the Michigan Court of Appeals, so the issue is moot. *See Cheatham v. Cline*, 543 F. App'x 775, 777 (10th Cir. 2013) (finding that prevailing on an issue on appeal in state court rendered the identical issue in the habeas petition moot regardless of any delay in the state court).

## Speedy Trial

Betlem next argues that a delay of 205 days between the date of his arrest and the commencement of trial violated his right to a speedy trial. The magistrate judge was correct that the delay was not so uncommonly long as to find that the delay violated Betlem's constitutional right to a speedy trial. In his objections, Betlem points to a Michigan statute that provides that a person incarcerated for a felony charge should be released within 180 days unless the court finds by clear and convincing evidence that the defendant is a flight risk or is dangerous to the community. Mich. Ct. R. 6.004(C). Betlem argues that the state's 180-day rule should be taken into consideration in deciding whether the delay was unconstitutionally long. However, Betlem asserted his speedy trial claim in his appeal of right to the Michigan Court of Appeals. Although the court did not expressly address this particular issue, the court obviously denied Betlem's request for relief on this point. This determination is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Thus, Betlem is not entitled to habeas relief on this issue.

**Pretrial Bail**

Betlem next asserts that he was unconstitutionally held without bail pending his criminal trial. Betlem's "conviction, however, renders his constitutional claims to pretrial bail moot." *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004). Therefore, Betlem is also not entitled to habeas relief on this issue.

**Judicial Bias**

Betlem argues that his trial judge was biased as evidenced by four interactions with the judge. The Michigan Court of Appeals denied all of Betlem's claims of judicial bias. That determination is not contrary to, nor involves an unreasonable application of, clearly established federal law, and the decision was not based on an unreasonable determination of the facts in light of the evidence presented. Thus, Betlem is not entitled to habeas relief on his claims of judicial bias.

**Confrontation Clause**

Betlem next argues that his right to confront witnesses against him was violated when one witness testified remotely and when another witness testified regarding laboratory testing that she did not perform. However, the Court agrees with the magistrate judge that the state court reasonably denied the first issue on appeal and that the second issue was defeated by a finding of harmless error. Therefore, Betlem is not entitled to habeas relief on his claims of Confrontation Clause violations.

**Ineffective Assistance of Counsel**

Betlem claims that his trial counsel rendered ineffective assistance, but offers no argument as to how his attorney's performance was deficient or prejudicial to his defense. Thus, Betlem is not entitled to habeas relief on this issue.

**Conclusion**

Having reviewed all of Betlem's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the October 31, 2018, Report and Recommendation (ECF No. 15) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Betlem's habeas corpus petition is **DENIED** for the reasons set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: January 16, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE